UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BONITA BETTS GRIMES,  Case No. 3:20-cv-488

    Plaintiff

v.  MEMORANDUM OPINION

U.S. BANK TRUST N.A.,

    Defendant

*Pro se* Plaintiff Bonita Betts Grimes brings this action against Defendant U.S. Bank Trust N.A. seeking relief from a state court foreclosure judgment pursuant to Fed. R. Civ. P. 60(b)(1(3)(d). (Doc. 1). Presently pending is Defendant's Rule 12 motion to dismiss. (Doc. 3). Also before me is Plaintiff's motion to proceed with this action *in forma pauperis*. (Doc. 2).

I grant Plaintiff's motion to proceed *in forma pauperis*. And for the reasons that follow, I grant Defendant's motion and dismiss this action.

## BACKGROUND

Plaintiff's complaint concerns residential property located at 8427 Stable Court in Holland, Ohio ("Property").[1] (Doc. 1 at 3). The Property is located in Lucas County, Ohio, and was the subject to a foreclosure decree entered June 17, 2019, by the Lucas County Court of Common Pleas in a state court foreclosure action initiated by the Defendant in this case ("Foreclosure Decree"). (*See* Doc. 3-2). Plaintiff's appeal of the Foreclosure Decree was dismissed. (Doc. 3-3).

---

[1] Plaintiff filed another lawsuit regarding the Property and environmental issues in Northern District of Ohio Case No. 3:19-cv-02241-JGC ("Related Case"). The judicial officer in the Related Case granted defendants' motions to dismiss and otherwise dismissed the case for want of prosecution. (Related Case, Doc. 44). (*See* Doc. 3-4).

Plaintiff claims that I have jurisdiction over this action pursuant to 28 U.S.C. § 1331,[2] and jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. (Doc. 1 ¶¶ 57, 58). In the complaint, Plaintiff alleges that the Property was built on an old mine/quarry that was improperly rezoned as residential and is plagued by environmental issues. She seeks relief from the Foreclosure Decree pursuant to Fed. R. Civ. P. 60 (First Claim for Relief), and a stay of the Foreclosure Decree (Second Claim for Relief) in order to preserve evidence until all the issues related to the construction of the Property on a mine/quarry are litigated. (Doc. 1 at 14-15).

Defendant moved to dismiss this action pursuant to Fed R. Civ. P. 12(b). (Doc. 3). Plaintiff sought and received a motion for an extension of time to respond to Defendant's motion until June 30, 2020. As of the date of this Memorandum Opinion, however, Plaintiff has neither responded to Defendant's motion nor sought additional time to do so.

## STANDARD OF REVIEW

Defendant seeks dismissal of this action on multiple grounds,[3] including Rule 12(b)(6).[4] Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a lawsuit for "failure to state a

---

[2] While Plaintiff brings this case pursuant to 28 U.S.C. § 1331, the federal question at issue is not readily apparent from the face of the complaint. Nor is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant does not seek dismissal of this action for lack of subject matter jurisdiction, but federal courts are always responsible for ensuring their authority to adjudicate a matter. In the spirit of liberal construction of this *pro se* Plaintiff's pleading, I will assume only for the purpose of ruling on Defendant's motion to dismiss that I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

[3] Defendant also moves for dismissal for failure of proper service. (Doc. 3 at 1; Doc. 3-1 at 6). However, because I grant Defendant's motion on the basis of Rule 12(b)(6), I need not address the issue of service.

[4] Attached to the Defendant's motion is the Foreclosure Decree, Ohio Sixth District Court of Appeals affirmance of the Foreclosure Decree, and the complaint in the Related Case. I may take judicial notice of the public dockets, opinions, and proceedings issued by other courts. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted). And I may consider the materials attached to Defendant's motion to dismiss without converting the motion to one for summary judgment because those materials are referred to in Plaintiff's complaint and central to her claims. *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

claim upon which relief can be granted." When ruling on a motion to dismiss, I must accept as true all the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In applying this standard, I am cognizant that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## ANALYSIS

### A. Defendant's motion to dismiss Plaintiff's first claim for relief is granted

Defendant argues that count 1 should be dismissed because Plaintiff fails to state a claim for relief pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) allows a court to relieve a party from a final judgment for certain listed reasons. But the provisions of Rule 60(b) "only allow a court to grant relief from its own judgments, not the judgments of other courts." *Hobbs v. Faulkner*, No. 1:17-CV-

.

3

441, 2018 WL 4216909, at *10 (S.D. Ohio Sept. 5, 2018), *supplemented,* No. 1:17-CV-441, 2018 WL 5298628 (S.D. Ohio Oct. 24, 2018), (citing Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d, § 2851 ("The usual procedure [to obtain relief under Rule 60(b) ] is by motion in the court and in the action in which the judgment was rendered.")), *report and recommendation adopted,* No. 1:17CV441, 2019 WL 1416722 (S.D. Ohio Mar. 29, 2019), *motion for relief from judgment denied,* No. 1:17CV441, 2020 WL 772328 (S.D. Ohio Feb. 18, 2020), *appeal dismissed,* No. 20-3292, 2020 WL 3246289 (6th Cir. Apr. 14, 2020); *see also Seymore v. Warren*, No. 2:07-CV-15166, 2009 WL 2841105, at *3 (E.D. Mich. Aug. 31, 2009) (same) (citing *Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc.,* 212 F.3d 1031, 1034 (7th Cir. 2000) (Rule 60(b) motion may only be brought in court rendering judgment subject to attack)); *Henderson v. Ohio*, No. CS-02-442, 2002 WL 1584278, at *1 (S.D. Ohio May 23, 2002) ("The mere fact that this Court can revisit, by virtue of F.R. Civ. P. 60(b) its own judgments does not mean that the Federal Rules of Civil Procedure independently grant to this Court the jurisdiction to review the judgments entered by other courts" and appeals of judgments by a state's highest court must be made in the United States Supreme Court.) (citing 28 U.S.C. § 1257); *Seeman v. Fagerman*, No. 1:12-CV-1398, 2013 WL 1420652, at *2 (W.D. Mich. Apr. 8, 2013) (Rule 60 permits a party "to seek relief from the Court's *own* judgment; it does not permit the Court to grant the relief requested by Plaintiff, which is to vacate the judgment of another court.") (emphasis in original).

Plaintiff fails to state a plausible claim that she is entitled to relief from the Foreclosure Decree under Rule 60(b), and Defendant's motion to dismiss Plaintiff's first claim for relief is granted.

Plaintiff's claim for relief from the Foreclosure Decree fails for the additional reason that I am barred from providing such relief by the *Rooker-Feldman* doctrine. The *Rooker–Feldman*[5] doctrine

---

[5] Derived from the cases of *Rooker v. Fidelity Trust*, 263 U.S. 413, 415 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1938).

stands for the principle that lower federal courts have no jurisdiction to review state court judgments. Application of the *Rooker–Feldman* doctrine is limited by the Sixth Circuit "to instances in which the litigant only seeks to reserve or set aside the state court judgment." *Hall v. Mortgage Electronic Registrations Systems, Inc.*, Case No. 1:16CV2075, 2017 WL 1462240 (N.D. Ohio 2017) (citations omitted). If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine prevents the district court from asserting jurisdiction. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). In count 1, Plaintiff seeks relief from, and asks that I set aside, the Foreclosure Decree. Because I lack jurisdiction to do so under the *Rooker-Feldman* doctrine, count 1 of Plaintiff's complaint is dismissed for this additional reason.

### B. Defendant's motion to dismiss Plaintiff's second claim for relief is granted

In her second claim for relief, Plaintiff asks that I stay the Foreclosure Decree so the Property may remain in her control until all matters related to the Property have been adjudicated. Defendant argues that count 2 should be dismissed because stays of enforcement of federal judgments are governed by Fed. R. Civ. P. 62 and stays of enforcement of Ohio court judgments are governed by Ohio R. Civ. P. 62.

Moreover, 28 U.S.C. § 2283 directly addresses stays of state court proceedings: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Section 2283 applies to stay of foreclosure proceedings. *Cragin v. Comerica Mortg. Co.*, 69 F.3d 537 (6th Cir. 1995) ("28 U.S.C. § 2283 generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts") (citing *Phillips v. Chas. Schreiner Bank,* 894 F.2d 127, 131 (5th Cir. 1990)); *Muhammad v. Bank of New York*, No. CIV.A. 06-163-SLR, 2006 WL 1653129, at *1 (D. Del. June 12, 2006) (declining pursuant to § 2283 to stay foreclosure until plaintiff litigated his claim of discrimination related to mortgage fraud) (citing among authority

5

*Cragin*); *see also Turner v. Lerner, Sampson & Rothfuss*, No. 1:11-CV-00056GW, 2011 WL 1357451, at *5 (N.D. Ohio Apr. 11, 2011) (citing *Rooker-Feldman* and § 2283 as the bases for declining to enjoin/stay state foreclosure proceeding) (collecting cases).

For the foregoing reasons, I grant Defendant's motion to dismiss Plaintiff's second claim for relief.

### C. Plaintiff's state law claims are dismissed without prejudice

To the extent Plaintiff is asserting state law claims, I decline to exercise supplemental jurisdiction over the claim. A district court may decline to exercise supplemental jurisdiction over state law claims when the claims supporting original jurisdiction are dismissed. 28 U.S.C. § 1367(c)(3). Moreover, the Sixth Circuit has held that "[w]hen all federal law claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims ...." *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1255 (6th Cir.1996).

Here, I have granted Defendant's motion to dismiss any federal question claims Plaintiff may be asserting. And at this early stage of stage of litigation, I decline to exercise supplemental jurisdiction over any state claim that Plaintiff may be asserting. *See id.* (Rule 12(b)(6) dismissal creates "strong presumption" against exercising supplemental jurisdiction that must be overcome by "unusual circumstances") (citations omitted).

### CONCLUSION

For the reasons stated above, I grant Defendant's motion to dismiss this action. (Doc. 3). I grant Plaintiff's motion to proceed *in forma pauperis*. (Doc. 2). Any state law claims asserted by Plaintiff are dismissed without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
